IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KANG and<br>BARATANG IRREVOCABLE TRUST,<br>    Plaintiffs,<br><br>v.<br><br>ACE EUROPEAN GROUP LIMITED<br>and WILLIAM CHANDLER,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. W-15-CV-198 |

## MEMORANDUM OPINION
## AND ORDER

In this removal action, Plaintiffs Christopher Kang and Baratang Irrevocable Trust (collectively "Kang") claim that Kang was not sufficiently reimbursed for storm damages to Kang's residence. Kang seeks recovery under various theories, including violations of the Texas Insurance Code, breach of duty of good faith and fair dealing, breach of contract, and violations of the Deceptive Trade Practices Act. Kang sues not only the home owner's insurance policy holder, but the claims adjuster who evaluated the damages to Kang's residence. Defendants Ace European Group Limited and William Chandler (collectively "Defendants") removed the action based upon diversity jurisdiction, asserting that the claims adjuster, William Chandler ("Chandler"), was improperly joined as a Defendant.

Kang has filed a Motion to Remand, asserting that there is a valid cause of action against Chandler, thus destroying diversity. Having reviewed the parties' briefs, the pleadings, and the applicable legal authority, the Court is persuaded Kang's Motion is meritorious and should be granted.

## I. ALLEGATIONS AGAINST CHANDLER

In the Original Petition, Kang makes the following factual allegations in regard to his claims against Chandler:

A. Plaintiffs are the owners of a Texas Homeowners Policy No. ACF13655, issued by Ace European Group (the "Policy").

B. Plaintiffs own the insured property, which is specifically located at 1603 S WS Young Dr., Killeen, Texas 76543 (the "Property").

C. Ace European Group, or its agent(s), sold the Policy, insuring the Property, to Plaintiffs.

D. In or about March 2014, Plaintiffs experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiffs' home.

E. The Plaintiffs timely submitted a claim to Ace European Group. Ace European Group assigned William Chandler ("Mr. Chandler"), to adjust the claim. However, Ace European Group and Mr. Chandler were not diligent in investigating Plaintiffs' loss. Ace European Group and Mr. Chandler failed to timely and accurately investigate the covered loss. Ace European Group assigned claim number PC1128138 to Plaintiffs' claim.

F. Ultimately, Mr. Chandler, on behalf of Ace European Group, inspected Plaintiffs' property after the storm. During the inspection, Mr. Chandler, on behalf of Ace European Group, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying the damage done to Plaintiffs' home.

G. Mr. Chandler, on behalf of Ace European Group, prepared a repair estimate, which vastly under-scoped the actual covered damages to the home. All of the covered damage was not accounted for. Further, even the damages that were accounted for were under-scoped. Based upon Mr. Chandler's estimate, Ace European Group determined that only $5,211.98 was due on Plaintiffs' claim. Thus, Defendants demonstrated they did not conduct a thorough investigation of the claim.

H. Defendants Ace European Group and Mr. Chandler failed to fairly evaluate and adjust Plaintiffs' claim as they are obligated to do under the Policy and Texas law. By failing to properly

investigate the claim and wrongfully denying full coverage to Plaintiffs, Ace European Group and Mr. Chandler engaged in unfair settlement practices by misrepresenting material facts to Plaintiffs.

. . . .

J. Defendants Ace European Group and Mr. Chandler misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

K. Defendants Ace European Group and Mr. Chandler's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiffs. Defendants' conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section [of the] Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

L. Defendants Ace European Group and Mr. Chandler failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

M. Defendants Ace European Group and Mr. Chandler failed to explain to Plaintiffs why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claims. Tex. Ins. Code § 541.060(a)(3).

N. Defendants Ace European Group and Mr. Chandler failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

O. Defendants Ace European Group and Mr. Chandler refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.

> Specifically, Defendants Ace European Group and Mr. Chandler performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).
>
> . . . .
>
> S.  From and after the time Plaintiffs' claim was presented to Defendants Ace European Group and Mr. Chandler, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants Ace European Group and Mr. Chandler have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Plaintiff's Original Petition, pp. 3-7.

## II. DISCUSSION

The question of whether joinder is improper in a removal case arises in connection with the requirement of 28 U.S.C. § 1441(b) that there be diversity of citizenship among the parties to the action who are "properly joined." A defendant may remove on diversity grounds only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)). The burden of proving fraudulent or improper joinder is a heavy one. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1991)); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005) ("The party seeking removal bears a heavy burden of

proving that the joinder of the in-state party was improper."). The removing party must demonstrate either: (1) "that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts;" or (2) that there is no possibility that the plaintiff will be able to establish a valid state cause of action against the non-diverse defendant. *Green*, 707 F.2d at 205. Here, there is no allegation or inference of outright fraud. Defendants merely assert that Kang has no viable cause of action against Chandler.

Removal cases raise significant federalism concerns as "the effect of removal is to deprive the state court of an action properly before it." *Gasch*, 491 F.3d at 281-82 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In making such a determination, the Court must "resolve any questions of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiffs'] favor." *Griggs*, 181 F.3d at 699.

In determining whether a party was improperly joined, the Court must analyze the causes of action alleged in the state court petition at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The Court must evaluate all factual allegations in the state court pleadings in the light most favorable to the plaintiff, must resolve all contested issues of fact in favor of the plaintiff, and then must examine relevant state law and resolve all uncertainties in

favor of the plaintiff. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005). In a few cases "in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)). In the case at hand, nothing before the Court indicates that a "piercing" of the pleadings is required.

In analyzing the plaintiffs claims, the analysis does not focus on whether he "will actually or even probably prevail on the merits of the claim," but whether there is "a *possibility* that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998) (emphasis added). "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,' and the case must be remanded for lack of diversity." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))).

The court must analyze the state court petition in effect at the time of removal to determine whether it provides a reasonable basis to believe that the plaintiff may recover against the non-diverse defendant under Texas law. *Smallwood*, 385 F.3d at 573-74. If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Texas notice pleadings should apply in conducting this analysis since application of the more rigorous Federal standards could not have been anticipated at the time the petition was filed. Although the Fifth Circuit has not directly addressed this issue in a published opinion, it has applied the Texas "fair notice" standard in an unpublished opinion when analyzing the improper joinder issue. *See De La Hoya v. Coldwell Banker Mex. Inc.*, 125 Fed. App'x 533, 537-38 (5th Cir. 2005). Numerous district courts have also applied this standard. *See Esteban v. State Farm Lloyds,* 23 F. Supp. 3d 723 (N.D. Tex. 2014); *Arana v. Allstate Tex. Lloyds*, 2013 WL 2149589, No. 3:13-CV-0750-D (N.D. Tex. May 17, 2013); *Stevenson v. Allstate Tex. Lloyds*, 2012 WL 360089, No. 11-cv-3308 (S.D. Tex. Feb. 1, 2012); *Delaney v. GEO Group, Inc.*, 2012 WL 3526789, No. SA-12-CV-541-XR (W.D. Tex. Aug. 14, 2012); *McDaniel v. JP Morgan Chase Bank, N.A.*, 2012 WL 6114944, No. 1:12-CV-392 (E.D. Tex. Dec. 10, 2012); *Myers v. Allstate Tex. Lloyds*, 2011 WL 846083, No. 1:10-CV-172, (E.D. Tex. Mar. 8, 2011); *Edwea, Inc. v Allstate Ins. Co.*, 2010 WL 5099607, No. H-10-2970, (S.D. Tex. Dec. 8, 2010).

Texas' "fair notice" standard for pleading is embodied in Rule 47 of the Texas Rules of Civil Procedure, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved." This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Edwea*, 2010 WL 5099607, at *3 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). "The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Id.* "A court must uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an

7

element of the cause of action is not specifically alleged." *Edwea*, 2010 WL 5099607, at *3 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

In 2013, the Texas Legislature added Rule 91a to the Texas Rules of Civil Procedure, which provides a standard for dismissal on the pleadings similar to that found in Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the "fair notice" standard of Rule 47 of the Texas Rules of Civil Procedure remains in effect. Courts that have analyzed improper joinder since the enactment of Rule 91a have, for the most part, determined that the "fair notice" standard is still applicable in analyzing state-court pleadings. *See SL Pathology Leasing of Tex. LLC v. Miraca Life Scis., Inc.*, 2015 WL 1392967, No. H-14-3723 (S.D. Tex. Mar. 25, 2015); *Puricelli v. ARNS Invs., LLC*, 2015 WL 500167, No. 3:14-CV-4018-M-BN (N.D. Tex. Feb. 4, 2015); *Lopez-Welch v. State Farm Lloyds*, 2014 WL 5502277, No. 3:14-CV-2416-L (N.D. Tex. Oct. 31, 2014); *Oldham v. Nationwide Ins. Co. of Am.*, 2014 WL 3855238, No. 3:14-CV-575-B (N.D. Tex. Aug. 5, 2014). Although no published Fifth Circuit opinion has directly addressed the issue, at least one unpublished opinion has continued the "fair notice" evaluation even after the passage of Rule 91a. *See Michels v. Safeco Ins. Co. of Ind.*, 544 F.App'x 535, 538 (5th Cir. 2013). In the absence of a definitive answer, the legal analysis should weigh in favor of Kang's position.

### III. CONCLUSION

The allegations of Kang's Original Petition in this case are sufficient to give "fair notice" to Defendants of Kang's claims. In addition, Chandler was not improperly joined as a Defendant to this case because there is a reasonable basis to believe liability may be imposed on him. Accordingly, it is

**ORDERED** that Kang's Motion to Remand is **GRANTED** and this action is hereby remanded to the 169th Judicial District Court in Bell County, Texas.  It is further

**ORDERED** that any motions not previously ruled upon by the Court are **DENIED**.

**SIGNED** this __16__ day of December, 2015.

*[signature]*

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE